UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ZULEIMA OCAMPO<br>10314 W. Minnezona Ave.<br>Phoenix, AZ 85037<br><br>on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>JT/SG ENTERPRISES, INC.<br>dba SOLUTIONS STAFFING<br>1237 Dublin Rd.<br>Columbus, Ohio 43215<br><br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Zuleima Ocampo, by and through undersigned counsel, and for her Complaint against JT/SG Enterprises, Inc. d/b/a Solutions Staffing ("Solutions Staffing"), states and alleges the following:

### INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business has its principal place of business in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Maricopa County, Arizona.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was a corporation organized and existing under the laws of the State of Ohio, with a headquarters located at 1237 Dublin Rd., Columbus Ohio 43215.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Defendant is an employment staffing agency operating out of seven offices in Ohio including its corporate office in Columbus, Ohio, six offices in Arizona and two offices in North

Carolina.

13. Defendant hired Plaintiff in September 2018 as a recruiter and customer service representative in the Phoenix, Arizona office.

14. Other similarly situated employees were employed as recruiters and customer service representatives in Defendant's offices located in Arizona, Ohio, and North Carolina.

15. Defendant classified Plaintiff and other similarly situated employees as non-exempt employees.

16. Defendant paid Plaintiff and other similarly situated employees on an hourly basis.

17. Plaintiff and other similarly situated employees frequently worked over 40 hours per week.

18. Plaintiff worked on average over 40 hours each week.

**(Failure to Pay for All Hours Worked)**

19. Plaintiff and other similarly situated recruiters and customer service representatives were only paid for work performed between their scheduled start and stop times. However, Plaintiff and other similarly situated employees often had to perform their job duties prior to and after their scheduled shifts and on weekends due to client demands. When Plaintiff and other similarly situated employees worked more than 40 hours in a week, the Defendant would consider the overtime hours as "office time" which the Defendant stated would be used later as paid time off. However, the Defendant failed to track or allow the use of the accumulated "office time."

20. The time Plaintiff and other similarly situated recruiters and customer service representatives worked outside their scheduled shifts was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

21. The work Plaintiff and other similarly situated recruiters and customer service representatives worked outside their scheduled shifts were intrinsic elements of their principal activities and ones with which Plaintiff and other similarly situated recruiters and customer service representatives cannot dispense if they are to perform their principal activities.

22. Plaintiff and other similarly situated recruiters and customer service representatives were only paid from the start and stop times of their shifts and were not paid for time worked over 40 hours in a week.

23. The amount of time Plaintiff and other similarly situated recruiters and customer service representatives spent on this required and unpaid work amounted to approximately 10 hours per week.

24. As a result of Defendant's practices and policies, Plaintiff and other similarly situated recruiters and customer service representatives were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

**(Defendant Willfully Violated the FLSA)**

25. Defendant knew that the Plaintiff and other similarly situated employees performed overtime work because Defendant required them to perform it and supervisors observed them performing it.

26. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

27. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

28. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current non-exempt recruiter and customer service representative employees of JT/SG Enterprises, Inc. d/b/a Solutions Staffing between January 20, 2019 and the present.

29. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least fifty persons.

30. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

31. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

32. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Defendant's practice and policy of not paying Plaintiff and other similarly situated recruiters and customer service representatives for all time worked and overtime compensation at

a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

34. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

35. As a result of Defendant's practices and policies, Plaintiff and other similarly situated recruiters and customer service representatives have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes she represents actual damages for unpaid wages;

D. Award Plaintiff and the classes she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Robert B. Kapitan
Robert B. Kapitan (0074327)
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Robert B. Kapitan
One of the Attorneys for Plaintiff